UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARQUELL ANDERSON (M34814), | ) | |
| Plaintiff, | ) | 18 C 4639 |
| vs. | ) | Judge Gary Feinerman |
| CORRECTIONAL OFFICER W. PARKER, | ) | |
| Defendant. | ) | |
| MARQUELL ANDERSON (M34814), | ) | |
| Plaintiff, | ) | 18 C 5915 |
| vs. | ) | Judge Gary Feinerman |
| CORRECTIONAL OFFICER MONROY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marquell Anderson, an Illinois prisoner, brought these two *pro se* suits under 42 U.S.C. § 1983. Case No. 18 C 4639 (*Anderson II*) concerns an alleged encounter with Correctional Officer W. Parker at Cook County Jail on January 14, 2018, *Anderson II*, Dkt. 1 at p. 6, while Case No. 18 C 5915 (*Anderson III*) concerns an alleged encounter with Correctional Officer Monroy at Cook County Jail on December 20, 2017, *Anderson III*, Dkt. 1 at p. 4. In an earlier suit, Case No. 18 C 128 (N.D. Ill.), Anderson brought claims regarding a different encounter with Officer Parker. *Anderson v. Parker*, No. 18 C 128 (N.D. Ill.) (*Anderson I*). *Anderson I* settled in June 2018. *Id.*, Dkt. 27.

Defendants move under Civil Rule 12(c) for judgment on the pleadings in *Anderson II* and *Anderson III* on the ground that Anderson released the claims brought in those two cases in

the settlement agreement reached in *Anderson I*. *Anderson II*, Dkt. 30; *Anderson III*, Dkt. 30. The court was provided an *in camera* copy of the written settlement agreement due to its confidentiality, and Anderson does not challenge its use on a Rule 12(c) motion. *See ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 745-46 (7th Cir. 2017) (holding that Rule 12(c) is the appropriate vehicle for a motion asserting that a prior settlement agreement releases the plaintiff's claims). Defendants' motions are granted.

**Background**

*Anderson I* alleged that Parker used excessive force against Anderson on October 8, 2017. *Anderson I*, Dkt. 1 at p. 4. The parties reached a settlement months after suit was filed. *Id.*, Dkt. 27. On June 28, 2018, Anderson signed the written settlement agreement, which, as noted, was submitted *in camera* to the court. Paragraph 7 of the Agreement states:

> Plaintiff for himself, his heirs and personal representatives, fully and forever releases, acquits and discharge[s] Defendant and any former Defendants, their agents, employees and former employees, either in official or individual capacities, from any and all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any costs accrued arising out of Plaintiff's allegations which are the subject of *Anderson v. W. Parker*, 18 C 128, in the United States District Court for the Northern District of Illinois, Eastern Division, or any claim or suit which her [sic], her [sic] heirs, assigns and legal representatives, may heretofore or hereafter have had by reason of said allegations, including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as *any other such claims against Cook County, the Cook County Sheriff, or any current or former employees or agents thereof, that may have been brought in connection with any incidents that occurred while Plaintiff was housed in the Cook County Jail at any point prior to the execution date of this Agreement by all of the parties*. THIS IS A GENERAL RELEASE. (Emphasis added.)

2

On June 28, 2018, Anderson mailed the *Anderson II* complaint to the court. *Anderson II*, Dkt. 1-1 (reflecting a 6/28/2018 postmark). The alleged constitutional violation in *Anderson II* occurred on January 14, 2018, *id*., Dkt. 1 at p. 4., several months before Anderson signed the Agreement in *Anderson I*. In August 2018, Anderson mailed the *Anderson III* complaint to the court. *Anderson III*, Dkt. 1 at pp. 1, 9. The alleged constitutional violation in *Anderson III* occurred on December 20, 2017, *id*. at p. 4, also several months before Anderson signed the Agreement in *Anderson I*. In both cases, Defendants stated as an affirmative defense that "Plaintiff's claim is barred by the Settlement Agreement in [*Anderson I*]." *Anderson II*, Dkt. 29 at p. 3; *Anderson III*, Dkt. 29 at p. 3.

**Discussion**

Defendants seek judgment on the ground that the general release in the *Anderson I* settlement bars Anderson's claims in *Anderson II* and *Anderson III*. Illinois law governs the interpretation of contracts executed in Illinois. *See Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014). "Illinois courts consider a release to be a contract in which a party relinquishes a claim to a person against whom the claim exists." *Capocy v. Kirtadze*, 183 F.3d 629, 632 (7th Cir. 1999) (internal quotation marks omitted). Under Illinois law, "[w]here a written agreement is clear and explicit, a court must enforce the agreement as written." *Cannon* 752 F.3d at 1088. (quotation marks omitted) (collecting cases).

Paragraph 7 of the Agreement in *Anderson I*, which sets forth a "GENERAL RELEASE," is unambiguous. It releases, among other things, any claims by Anderson "against Cook County, the Cook County Sheriff, or any current or former employees or agents thereof, that may have been brought in connection with any incidents that occurred while Plaintiff was

3

housed in the Cook County Jail at any point prior to the execution date of this Agreement by all of the parties." Anderson executed the Agreement on June 28, 2018. Even if that date is deemed to be "the execution date of this Agreement by all of the parties"—as opposed to July 25, 2018, when defense counsel four weeks later executed the Agreement—the release covers the claims in *Anderson II* and *Anderson III*, which are brought against employees of the Cook County Sheriff (or, if not the Sheriff, Cook County itself) and concern conduct that occurred before June 28, 2018 in Cook County Jail. It follows that, by entering into the Agreement in *Anderson I*, Anderson released the claims asserted in *Anderson II* and *Anderson III*. See *Darvosh v. Lewis*, 66 F. Supp. 3d 1130 (N.D. Ill. 2014) (reaching the same result in materially identical circumstances); *Daniels v. Rivers*, 2014 WL 6910492 (N.D. Ill. Dec. 9, 2014) (St. Eve, J.) (same); see generally *Fair v. Int'l Flavors & Fragrances, Inc.*, 905 F.2d 1114, 1116 (7th Cir. 1990) ("It is well established a general release is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry.") (quotation marks omitted).

Anderson argues that he should not be held to the Agreement's release provision because he did not understand that it would apply to any claims arising from conduct predating his execution of the Agreement. *Anderson II*, Dkt. 34 at 1. That argument fails, as a "unilateral mistake about the effect of an unambiguous release [is] not a sufficient ground to set aside the release." *Cannon*, 752 F.3d at 1092 (citing *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984)); see also *Badette v. Rodriguez*, 22 N.E.3d 1210, 1215 (Ill. App. 2014) ("A self-induced or unilateral mistake is not a valid reason to set aside an unambiguous release.").

4

**Conclusion**

Defendants' motions for judgment on the pleadings are granted.  Final judgment will be entered for Defendants and against Anderson.

September 30, 2019                                                             _____
                                                                                              United States District Judge